**In re ELECTRONIC THEATRE RESTAURANTS CORPORATION, Debtor and Debtor-In-Possession.**

**Bankruptcy No. B84–03052.**

United States Bankruptcy Court, N.D. Ohio, E.D.

Jan. 15, 1986.

See also 53 B.R. 458.

Norman S. Buckvar, McCarthy, Lebit, Crystal, Kleinman & Haiman Co., Cleveland, Ohio, Stirling Lathrop, Richard D. Greenfield, Nicholas E. Chimicles, Greenfield & Chimicles, Haverford, Pa., and Robert H. Levin, Adelman, Lavine, Krasny, Gold & Levin, Philadelphia, Pa., for Morris Glassman.

Gail E. Sindell, H. Jeffrey Schwartzberg, Daniel D. Domozick, Benesch, Friedlander, Coplan & Aronoff, Cleveland, Ohio, for debtor, debtor-in-possession.

### MEMORANDUM OF OPINION AND ORDER

JOHN F. RAY, Jr., Bankruptcy Judge.

This matter is before the court on the motion of Morris Glassman ("Glassman")

---

for application of Bankruptcy Rule 7023 and for class certification of claim, the motion of Electronic Theatre Restaurants Corporation (ETRC"), debtor and debtor-in-possession, for summary judgment in favor of ETRC as a matter of law and to dismiss proof of claim number 99 insofar as it purports to be filed by Morris Glassman in a representative capacity, and briefs of counsel.

On March 9, 1984, a class action suit ("Class Action") was brought in the United States District Court for the Eastern District of Pennsylvania against ETRC and others, alleging violations of the federal securities laws in connection with purchases by Morris Glassman and others of securities of ETRC sold in connection with its initial public offering. In the Class Action, Glassman was substituted for the original individual plaintiff, and the plaintiff class was certified on November 16, 1984. On December 6, 1984, ETRC filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. This Court set April 15, 1985, as the last day on which proofs of claim were permitted to be filed. On April 12, 1985, Glassman filed a proof of claim in which he asserted an individual as well as a representative claim on behalf of the plaintiff class in the Class Action. ETRC filed its objections to Glassman's proof of claim on May 9, 1985.

Section 501(a) of the Bankruptcy Code provides: "A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest." Likewise, Bankruptcy Rule 3003(c)(1) states: "Any creditor or indenture trustee may file a proof of claim within the time prescribed by subdivision (c)(3) of this rule." A "creditor" is defined as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(9)(A). An "entity" is then defined as a "person, estate, trust, and governmental unit." 11 U.S.C. § 101(14). "Person" is defined in section 101(33) as including "individual, partnership and corporation, but does not include governmental unit." Nowhere in the Code is "creditor" defined as a "class" or "representative" of a group or class.

Bankruptcy Rule 3001(b) provides: "A proof of claim shall be executed by the creditor *or the creditor's authorized agent* except as provided in Rules 3004 and 3005." (emphasis added) Rules 3004 and 3005 allow, in certain circumstances, the filing of claims on behalf of creditors by the debtor or trustee, a guarantor, surety, indorser or other co-obligor. A proof of claim, except a claim for wages, salary or commissions, must conform substantially to Official Form No. 19 Bankr.R. 3001(a). Official Form No. 19 has appropriate blanks to be filled in, depending on whether the claimant is an individual, partnership, corporation or agent. The portion to be filled in by an agent requires the agent to list the name and address of the claimant on whose behalf he is filing the claim.

■ Glassman's procedural arguments, based on Rule 23 of the Federal Rules of Civil Procedure, are not persuasive. Bankruptcy Rule 7023 states: "Rule 23 F.R. Civ.P. applies in adversary proceedings." The filing of a proof of claim, however, does not constitute an adversary proceeding, and thus Rule 7023 can have no applicability on that basis. *See In Re Standard Metals Corp.*, 48 B.R. 778, 783 (D.Colo. 1985).

■ Bankruptcy Rule 3001(b) provides: "A proof of claim shall be executed *by the creditor or the creditor's authorized agent* except as provided in Rules 3004 and 3005." (emphasis added) Glassman does not purport to rely on Rules 3004 and 3005, nor could he, since these rules allow the filing of claims on behalf of creditors by the debtor or trustee, a guarantor, surety, endorser or other co-obligor. Nor is Glassman the "authorized agent" of the class. On October 9, 1985, Glassman filed with the Court a "Verified Statement Pursuant to Rule 2019 of the Rules of Bankruptcy Procedure". Rule 2019 requires that every person purporting to represent more than one creditor in a Chapter 11 reorganization case file a verified statement setting forth

the names and addresses of the creditors, the nature and amount of the claims and the relevant facts and circumstances surrounding the employment of the "agent". Glassman failed to aver that he is the agent of each and every number of the class, and that he is specifically authorized by each claimant to file a proof of claim on their behalf.

In *In re Baldwin-United Corp.*, (1984–1985 Transfer Binder) Bankr.L.Rep. (CCH) 70,699 (Bankr.S.D.Ohio 1985), the court, in an identical situation, rejected the contention of a class representative that his status authorized him to file a proof of claim on behalf of others similarly situated. The court noted that the claimant failed to comply with Rules 3001(b) and 2019(a) and Official Form No. 19, and stated "we do not believe that being a class representative is the equivalent of being an authorized agent for purposes of filing a proof of claim." *Id.* at 87,550. In so ruling, the court then expunged all claims filed on behalf of persons who had not filed individual proofs of claim.

In *In re Standard Metals Corp.*, 48 B.R. 778, (D.Colo.1985), the court sustained an objection to a proof of claim on the grounds that the claimant attempted to file a claim on behalf of others without complying with Rule 3001(b). The court rested its holding on the doctrine that "[t]he requirement that each creditor must file a proof of claim should be strictly enforced." *Id.* at 784.

Glassman has not met the requirements of Rule 3001(b), Rule 2019(a) or Official Form No. 19. Therefore, ETRC's objections to claim number 99, insofar as it purports to be filed on behalf of persons who have not filed individual proofs of claim, should be granted.

IT IS SO ORDERED.