In re AMERICAN RESERVE CORPORATION, Debtor.

Clear and Doris Elaine HUDDLESTON, Claimants-Appellees,

v.

J. William HOLLAND, Trustee for American Reserve Corporation, Appellant.

Bankruptcy Nos. 80 B 4786, 86 C 219.

United States District Court, N.D. Illinois, E.D.

Jan. 23, 1987.

J. William Holland, William Luking, Timothy Trinka, Ross & Hardies, Chicago, Ill., for trustee.

Leonard Groupe, Groupe & Katz, William J. Harte, Jonah Orlofsky, Plotkin & Jacobs, Ltd., Chicago, Ill., for Clear and Doris Huddleston.

Securities and Exchange Com'n, Washington, D.C., amicus curiae.

## MEMORANDUM OPINION

KOCORAS, District Judge:

The issue presented by this bankruptcy appeal is whether a creditor purporting to represent a class of similarly situated creditors can file a class proof of claim. The court concludes that he cannot, and the bankruptcy court's decision is therefore reversed.

## FACTS

This case arises out of the bankruptcy of American Reserve Corporation ("ARC"), a holding company which owned the stock of several insurance companies, including Reserve Insurance Company, its largest subsidiary and primary operating company. In 1980, ARC filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code; the case was converted to a Chapter 7 liquidation in late 1981. By order of the bankruptcy court, the last day for creditors to file proofs of claim was December 7, 1981.

In 1979, appellees Clear and Doris Elaine Huddleston filed a class action in the Circuit Court of Cook County, Illinois, on behalf of themselves and other Reserve policyholders, against ARC, Reserve, and others. The Huddlestons alleged that from 1977 until 1979, the defendants sold insurance policies despite their awareness that the financial condition, operating practices, and claims experience of Reserve were such that Reserve would be unable to maintain the statutory minimum paid-up capital required by state law, would become insolvent, and would become unable to provide the coverage called for by the insurance policies issued to members of the class.

In November 1981, the Huddlestons filed a proof of claim in the bankruptcy proceeding for themselves and the class of persons who purchased insurance policies from Reserve between 1977 and 1979. The proof of claim sought recovery of the damages prayed for in the class action suit.

The trustee for ARC objected to the Huddlestons' proof of claim on the ground that class proofs of claim are not permitted by the Bankruptcy Code or Rules. The bankruptcy court overruled the trustee's objections on April 12, 1985 and later denied a motion to reconsider that ruling. The bankruptcy court rested its decision primarily on the expanded definition of a claim in section 101(4) of the Bankruptcy Code of 1978, 11 U.S.C. § 101(4), and the policy considerations supporting class actions set forth by the Supreme Court in *General Telephone Co. v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).

## DISCUSSION

Neither the Bankruptcy Code nor the present Bankruptcy Rules expressly address whether a creditor purporting to represent a class of similarly situated creditors can file a class proof of claim. The legislative history of the Code is equally unenlightening.

Cases decided under the Bankruptcy Act of 1898 invariably rejected class proofs of claim. *See In re GAC Corp.*, 681 F.2d 1295 (11th Cir.1982); *In re Stirling Homex Corp.*, 579 F.2d 206, 209–10 n. 5 (2d Cir. 1978), *cert. denied sub nom. Jezarian v. Raichle*, 439 U.S. 1074, 99 S.Ct. 847, 59 L.Ed.2d 40 (1979); *In re Cartridge Television*, 535 F.2d 1388, 1389 (2d Cir.1976); *In re Society of the Divine Savior*, 15 F.R.Serv.2d 294, 298 (E.D.Wis.1971); *In re Shulman Transport Enterprises, Inc.*, 21 B.R. 548, 551 (Bankr.S.D.N.Y.1982), *aff'd on other grounds*, 33 B.R. 383 (S.D.N.Y. 1983); *In re Woodmoor Corp.*, 4 B.R. 186, 192 (Bankr.D.Colo.1980); *In re Grocerland Cooperative, Inc.*, 32 B.R. 427, 435–36 (Bankr.N.D.Ill.1983).

The appellees argue that these cases are no longer valid precedent because of the expanded definition of claim under the Bankruptcy Code, 11 U.S.C. § 101(4). The Code defines a claim as a:

A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed,

undisputed, legal, equitable, secured, or unsecured; or

B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

11 U.S.C. § 101(4). By adopting a broader definition of claims under the Code than had prevailed under the Act, Congress believed that "all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case" and that it had permitted "the broadest possible relief in the bankruptcy court." H.R.Rep. No. 595, 95th Cong., 1st Sess. 309, *reprinted in* 1978 U.S. Code Cong. & Admin. News 5787, 6266.

By expanding the definition of a claim, Congress expanded the kinds of rights which may be asserted in bankruptcy proceedings. The issue here, however, is not which legal obligations may be dealt with in the bankruptcy court, but rather the procedural mechanisms for asserting those rights.

Section 501(a) of the Bankruptcy Code provides: "A creditor or an indenture trustee may file a proof of claim." Likewise, Bankruptcy Rule 3003(c)(1) states: "any creditor or indenture trustee may file a proof of claim within the time prescribed...." A "creditor" is defined as an "entity that has a claim against the debtor that arose at the time of or before the order of relief concerning the debtor." 11 U.S.C. § 101(9)(A). An "entity," in turn, is defined as a "person, estate, trust, and governmental unit." 11 U.S.C. § 101(14). "Person" includes individuals, partnerships, and corporations. Nowhere in the Code or the Rules is "creditor" defined to include a class or a representative of a group or class. *In re Electronic Theatre Restaurants Corp.*, 57 B.R. 147, 148 (Bankr.N.D.Ohio 1986).

Moreover, in section 501 Congress carefully delineated the narrow situations in which one person may file a claim on another's behalf. Only three such situations exist: 1) an indentured trustee may file a proof of claim, 11 U.S.C. § 501(a); 2) a co-debtor may file a proof of a creditor's claim if the creditor does not do so, 11 U.S.C. § 501(b); and 3) a debtor or trustee may file a proof of a creditor's claim if the creditor does not do so, 11 U.S.C. § 501(c). At least one court has found the omission of a similar provision allowing class proofs of claims to be filed for other types of claimants to be "a deliberate prohibition of them in other contexts." *In re Johns-Manville Corp.*, 53 B.R. 346, 351 (Bankr. S.D.N.Y.1985).

Similarly, Bankruptcy Rule 3001(b) provides: "A proof of claim shall be executed by the creditor or the creditor's authorized agent...." Under Rule 2019, a person representing more than one creditor must file a verified statement setting forth the names and addresses of the creditors, the nature and amount of the claims, and the relevant facts and circumstances surrounding the employment of the "agent"—requirements class representatives could not ordinarily meet. *See Electronic Theatre Restaurants*, 57 B.R. at 148–49.

The only reference to class actions in the Code or Rules is found in Bankruptcy Rule 7023, which provides that Federal Rule of Civil Procedure 23 governing class actions applies in adversary proceedings. A proof of claim and objection thereto is a "contested matter," not an adversary proceeding, although a court may, in its discretion, direct that Rule 23 applies to contested matters. Bankruptcy Rule 9014. Thus, Bankruptcy Rule 7023 does not authorize class proofs of claim. Rather, the apparent purpose of Rule 7023 is to permit class action device in adversary proceedings on the merits of claims after individual creditors have filed timely proofs of claims.

The bankruptcy court also rested its decision on policy considerations set forth in *General Telephone Co. v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). In *Falcon*, the Supreme Court remarked that the class action device is peculiarly appropriate where the issues involved are

common to the class as a whole and when they turn on questions of law applicable in the same manner to each member of the class, for in such cases, "the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every class member to be litigated in an economical fashion under Rule 23." 457 U.S. at 155, 102 S.Ct. at 2369 (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01, 99 S.Ct. 2545, 2557–58, 61 L.Ed.2d 176 (1979)). The bankruptcy judge found that:

> Application of this rule to bankruptcy cases, and the proceedings and contested matters in them, will help secure the expeditious and economical administration of bankruptcy cases, and the just, speedy, and inexpensive determination of every proceeding, sought by Bankruptcy Rule 1001.

*In re American Reserve Corp.*, No. 80–4786, mem. op. at 6 (Bankr. N.D.Ill. April 12, 1985).

Requiring each creditor to file his own proof of claim does not eliminate class actions from bankruptcy proceedings, however. Rather, after the individual creditors have filed their proofs of claim, the bankruptcy judge may employ Federal Rule 23 when determining the merits of such claims if the requirements of Rule 23 are met.

The policies supporting class actions do not support application of Rule 23 at the proof of claim stage. A relatively simple, single-page form suffices as a proof of claim, *see* Bankruptcy Rule 3001 and Official Form No. 19, and a proof of claim costs nothing to file. Litigating the merits of the claim may be time-consuming and expensive, but the class action mechanism can be utilized at this stage.

Moreover, class proofs of claim would be inconsistent with policies served by the Bankruptcy Code. The proof of claim requirement enables the trustee, the bankruptcy court, and other creditors to make an informed evaluation of the claims against the estate. *See In re GAC Corp.*, 6 B.R. 981, 987 (Bankr.S.D.Fla.1980). Class proofs of claim would be at cross-purposes with such a requirement, since identifying the individual claimants and the amount of the claims would be more difficult. Class proofs of claim would also permit creditors who have not made the minimal effort to file a proof of claim to participate in the distribution of the estate, perhaps at the expense of unsecured creditors who properly filed a proof of claim but whose claims were subordinate to those of the class members.

 The court concludes that class proofs of claim are not permitted by the Bankruptcy Code or Rules, but rather that the only appropriate way for a creditor to assert a claim against a debtor's estate is through the timely filing of a properly executed proof of claim. In so holding, the court joins several district and bankruptcy courts which have addressed the issue of class proofs of claim under 1978 Bankruptcy Code. *See In re Standard Metals Corp.*, 48 B.R. 778, 784 (D.Colo.1985); *In re Electronic Theatre Restaurants Corp.*, 57 B.R. 147, 148–49 (Bankr.N.D.Ohio 1986); *In re Johns-Manville Corp.*, 53 B.R. 346, 350–54 (Bankr.S.D.N.Y.1985); *In re Baldwin United Corp.*, 52 B.R. 146 (Bankr.S.D. Ohio 1985); *In re Computer Devices*, 51 B.R. 471, 474–76 (Bankr.Mass.1985). The only two decisions to the contrary cited by the appellees are not persuasive. In *In re Dolly Madison Industries, Inc.*, Nos. 70–354 and –367 (E.D.Pa.1970), no one objected to the class proof of claim, and the proof of claim was accordingly automatically allowed under 11 U.S.C. § 502(a). *See* 4 Newberg, Class Actions § 7624a (1977). And, in *In re Wickes Cos.*, No. 82–6657 (Bankr.C.D.Cal. July 15, 1983 & Aug. 19, 1983), the bankruptcy judge acknowledged that he had no authority for allowing class proofs of claim.

## CONCLUSION

Because the court concludes that the Bankruptcy Court and Rules do not permit a creditor purporting to represent a class of similarly situated creditors to file a class proof of claim, the decision of the bankruptcy court is reversed.