**In re ARROW AIR, INC., Debtor.**

**Bankruptcy No. 86–00340–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

May 6, 1987.

Timothy J. Norris, Weil, Gotshal & Manges, Miami, Fla., for Arrow Air, Inc.

## MEMORANDUM DECISION AND ORDER DISALLOWING CLAIM NO. 988 OF TERENCE NEILAN AS CLASS REPRESENTATIVE AND DENYING MOTION FOR CLASS CERTIFICATION

A. JAY CRISTOL, Bankruptcy Judge.

This matter came before the Court for hearing on April 9, 1987 at 10:30 a.m. on the Debtor's Objection to Claim No. 988 of Terence Neilan as Class Representative and on the motion of Terence Neilan for an order certifying the class claim and for other related relief. The Court heard further argument at the confirmation hearing on April 29, 1987 at 1:30 p.m. The central facts are not in dispute, leaving only legal issues to be resolved.

On or about April 2, 1986, without prior order of this Court authorizing such action, Neilan filed a class proof of claim, Number 988. Thereafter, on November 11, 1986, this Court entered an order setting a claims bar date and prescribing the method for service of notice of such date upon all Arrow's creditors, including members of the Neilan class. Arrow has complied with such order as evidenced by the fact that some 2,180 claims, seeking about $2,340,-000, have been timely filed by the putative class members. Despite these individual filings, Neilan supplemented the class proof of claim on November 18, 1986, again without obtaining prior leave of this court.

As part of its claims review process, in anticipation of confirmation of a plan of reorganization, Arrow filed its objection to

the class claim, as supplemented, on February 26, 1987. Thereafter on March 3, 1987, Terence Neilan as Class Representative filed a motion with the Court requesting the entry of an order providing for certain relief including certifying of the class claim and permitting the filing of the previous filed class proof of claim, extending the claims bar date, and determining the non-dischargeability and priority of the Neilan class' claims.

### 1. A Class Proof of Claim is not Allowable in a Bankruptcy Proceeding

■ Bankruptcy Rule 3001(b) provides: "A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005". This rule is supplemented by a full body of caselaw which has clearly exhibited that class proofs of claim are not permissible in bankruptcy proceedings. The unanimous rule of law precluding the filing of class claims has been followed in a variety of factual scenarios and still remains a constant in bankruptcy law. *In re GAC Corp.*, 681 F.2d 1295 (11th Cir.1982); *In re Society of the Divine Savior*, 15 Fed.R. Serv.2d 294 (E.D.Wis.1971); *In re Shulman Transport Enterprises, Inc.*, 21 B.R. 548 (Bankr.S.D.N.Y.1982), *aff'd*, 33 B.R. 383 (S.D.N.Y.1983), *aff'd*, 744 F.2d 293 (2d Cir.1984); *In re Standard Metals Corp.*, 817 F.2d 625 (10th Cir.1987), *aff'g*, 48 B.R. 778 (D.Colo.1985); *In re Woodmoor Corp.*, 4 B.R. 186 (Bankr.Colo.1980); *In re Baldwin-United Corp.*, 52 B.R. 146 (Bankr.S.D. Ohio 1985); *In re Johns-Manville Corp.*, 53 B.R. 346 (Bankr.S.D.N.Y.1985); *In re Electronic Theatre Restaurants Corp.*, 57 B.R. 147 (Bankr.N.D.Ohio 1986). In each of these opinions the same policy reasons for the allowance of a class claim which Neilan attempts to assert herein were proffered by the putative class' representative. This Court finds these legally unsupported arguments similarly unpersuasive.

A recent decision in this area, *In re Electronic Theatre Restaurants Corp.*, 57 B.R. 147 (Bankr.N.D.Ohio 1986) closely parallels the facts of the instant case but, predictably, follows the unanimous rule of law in refusing the allowance of class claims. As in the instant case, a class action was brought in the district court. The plaintiff class was certified and a representative of the class selected. Thereafter a Chapter 11 petition was filed by the debtor. The certified class representative then filed a proof of claim in which he asserted not only an individual claim, but also a representative claim on behalf of the plaintiff class. The objection to the class claim by the debtor was sustained by the court, which refused to find that even a certified class representative had the inherent agency authority to file a class claim. *Id.* at 149.

In *Standard Metals, supra*, the district court sustained the debtor's objection to a class proof of claim on the grounds that the claimant was attempting to file a proof of claim on behalf of others without complying with Bankruptcy Rule 3001(b). The district court's holding rested on a statement that "[t]he requirement that each creditor must file a proof of claim should be strictly enforced." 48 B.R. at 784. *See* Bankruptcy Rule 3001(b). The Court of Appeals for the Tenth Circuit affirmed. It held, "We are the first circuit to address this question [whether class proofs of claim are permissible] under the 1978 Act and the 1983 Rules. [footnote omitted]. We conclude that class proofs of claim violate the statutory scheme of the Act and the Rules." After noting that Bankruptcy Rule 3001(b) requires "that each individual claimant must file a proof of claim or expressly authorize an agent to act on his or her behalf", the court held that "a class representative cannot be considered the authorized agent of all of the creditors in a putative class." The court affirmed the judgment disallowing the class proof of claim.

In *Baldwin-United, supra*, the court also looked beyond the mere procedure employed focusing on the real substance of what the class representative was attempting to accomplish. The court recognized that through the guise of a "class claim", the representative was trying to assert claims for individuals who simply did not file their own claims or did not timely com-

ply with the court's bar date order. As a consequence, these claims were not allowed. *Id.* at 149–150. That holding has been followed in *In re Shulman Transport Enterprises, Inc.*, 21 B.R. 548 (Bankr. S.D.N.Y.1982), *aff'd*, 33 B.R. 383 (S.D.N.Y. 1983), *aff'd*, 744 F.2d 293 (2d Cir.1984), on the basis that class proofs of claims "would circumvent the stringent requirement that every creditor file his proof of claim in order to participate ..." *Id.* at 551. In *In re Grocerland Cooperative, Inc.*, 32 B.R. 427 (Bankr.N.D.Ill.1983) the court found "that only those claimants who file timely proofs of claims should be allowed to participate in any class action." *Id.* at 436. *See also In re Woodmoor Corp., supra*, at 192.

Neilan has asserted the additional argument that he does fit within the structures of Rule 3001(b) as a "creditor's authorized agent", citing *In re Johns-Manville Corp.*, 53 B.R. 346 (Bankr.S.D.N.Y. 1985) as support for his unilateral assertion of fiduciary status and consequent entitlement to file a claim as an agent of the putative class members. Contrary to Neilan's proffer, the opinion does not discuss fiduciary status as the class representative therein did not properly assert or plead any agency status. Moreover, the opinion does not go so far as to afford class representatives automatic agency status. The case follows the oft-repeated rule of law that class proofs of claim are not allowable in bankruptcy proceedings. *Id.* at 354. Furthermore, the Tenth Circuit has expressly held that a class representative cannot be considered the class members' authorized agent. *In re Standard Metals Corp.*, 817 F.2d 625 (10th Cir.1987).

While Neilan claims to be an agent of the class, the objective criteria tending to establish such agency status do not exist. Neilan has not presented any actual assignments of claims or powers of attorney from the putative class members. Neither has he complied with the reporting requirements of Bankruptcy Rule 2019. This rule lists four types of data required to be set forth in a verified statement which must be filed with the court by every person repre-

senting more than one creditor. The required data includes:

(1) the name and address of the creditor or equity security holder;

(2) the nature and amount of the claim or interest and the time of acquisition thereof unless it is alleged to have been acquired more than one year prior to the filing of the petition;

(3) a recital of the pertinent facts and circumstances in connection with the employment of the person or indenture trustee, and, in the case of a committee, the name or names of the person or persons at whose instance, directly or indirectly, the employment was arranged or the committee was organized or agreed to act; and

(4) with reference to the time of the employment of the person, the organization or formation of the committee, or the appearance in the case of any indenture trustee, the amounts of claims or interests owned by the person, the members of the committee or the indenture trustee, the times when acquired, the amounts paid therefor, and any sales or other disposition thereof.

Rule 2019 goes on to require a copy of any empowering documents and a supplementation of the statement in the event of any changes.

The court in *Electronic Theatre, supra*, pointed to the agent reporting requirements of Rule 2019 as a factor given great weight in its preclusion of the filing of a class claim. The representative in that case, as in the instant case, had failed to comply with Rule 2019(a). Consequently, the objection to the class claim in *Electronic Theatre, supra*, was sustained.

Additional cases cited by Neilan as being supportive of his asserted right to file a class claim are easily distinguishable or, in most cases, simply not applicable to the issue before the court. In *In re REA Express, Inc.*, 10 B.R. 812 (Bankr.S.D.N.Y. 1981), cited as support for the filing of Neilan's class claim, the issue to be resolved did not even involve a class proof of claim. The class of individual claimants in

*REA Express* sought class certification in order to enable two class representatives to be certified to represent the class in the confrontation of the trustee's objections to the numerous identical, but individually filed, claims of class members. In *In re Braniff Airways, Inc.*, 22 B.R. 1005 (Bankr.N.D.Tex.1982) the court, as in *REA Express*, faced an issue distinct from that presently before this Court. In *Braniff* the classic definitional "fiduciary" existed but still was permitted only to maintain a class action in an adversary proceeding, not file a class claim. The decision involved the rights of pension plan beneficiaries and named the plan administrators as class representatives for purposes of litigation against the Pension Benefit Guaranty Corporation, all without mention of the filing of a class claim.

Neilan also relies upon *In re Wholesale Furniture Mart, Inc.*, 24 B.R. 240 (Bankr. W.D.Mo.1982) in attempting to assert authority for a rule of law which the opinion does not consider. The court in *Wholesale Furniture* simply certified a class action to be maintained in lieu of separate adversary actions. Once again the court does not even mention the term "class claim".

Like the representative in the *GAC* opinion, Neilan has been unable to cite to this Court even one case holding that a class proof of claim is allowable in a Chapter 11 proceeding. *GAC*, 681 F.2d at 1298. Therefore, Neilan's motion to certify Claim No. 988 as a class claim is denied and Arrow's objection to claim Number 988 is sustained. The class claim is disallowed, and Neilan is granted leave to file an individual claim if he has not already done so.

## 2. Claims Bar Date is Extended to March 16, 1987

■ The bar date in this matter was previously set as December 15, 1986. The Court finds adequate cause to have been shown for extending this bar date. This Court has authority to extend the bar date for cause under Bankruptcy Rule 3003(c)(3). The claims bar date is therefore extended for a period of 90 days to March 16, 1987.

## 3. Terence Neilan's remaining requests are denied without prejudice to the rights of any Creditor with Standing to Raise those Issues

■ Neilan has attempted to establish entitlement to priority under 11 U.S.C. § 507(a)(6) for all claims of all members of the putative class and the non-dischargeability of the claims of the putative class members. In light of the disallowance of the class proof of claim, this motion is not properly asserted by Neilan but rather standing to assert these priority and non-dischargeability issues rests with creditors with timely filed proofs of claim. Therefore, the remainder of Neilan's motion is denied without prejudice to future consideration upon motion of any creditor with standing to raise those issues.

Accordingly, it is

ORDERED that Claim No. 988 of Terence Neilan as Class Representative is disallowed, with leave to file an individual claim if he has not done so; that Terence Neilan's motion to certify Claim No. 988 as a class claim is denied; that the claims bar date in this case is extended from December 15, 1986, to March 16, 1987; and that the remainder of Terence Neilan's motion is denied without prejudice to the rights of any creditor with standing to raise those issues.