### In re VESTRA INDUSTRIES, INC., Debtor.

### Bankruptcy No. 86–00409.

United States Bankruptcy Court, D. South Carolina.

Sept. 30, 1987.

H. Flynn Griffin, III, Robert F. Anderson, P.A., Columbia, S.C., for debtor.

E.N. Zeigler, Zeigler, McEachin & Graham, Florence, S.C., Marc E. Richards, Booth, Marcus & Pierce, New York City, for International Ladies Garment Worker's Union.

### MEMORANDUM AND ORDER

J. BRATTON DAVIS, Chief Judge.

Before the court is the debtor's motion for summary judgment, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, disallowing proofs of claim numbers 2, 13, 15, 16 and 18, on the ground that no genuine issue of material fact exists.

Claim numbers 13, 15, and 18, originally filed by the International Ladies Garment Worker's Union (the Union) and the Union's Health and Welfare Fund, have been superseded by amended proofs of claim numbers 27 and 28.

---

Amended proof of claim number 27 has been filed by the Union's Health and Welfare Fund.

Amended proof of claim number 28 has been filed by Local 552 of the Union on behalf of the individual union members.

## I

The debtor has withdrawn its objection to claim number 16.

Claim number 2, filed by the Union, has been withdrawn.

## II

Following notice and a hearing, and after consideration of the record, this court finds that there are genuine issues of material facts as to amended claim number 27. It appears, therefore, that the plaintiff is not entitled to judgment as a matter of law.

## III

As to amended claim number 28, the Union has failed to comply with Bankruptcy Rule 2019(a).[1]

"Rule 2019 requires that every person purporting to represent more than one creditor in a chapter 11 reorganization case file a verified statement setting forth the names and addresses of the creditors, the nature and amount of the claims and the relevant facts and circumstances surrounding the employment of the 'agent'." *In re Electronic Theatre Restaurants Corporation,* 57 B.R. 147 (Bkrtcy.N.D.Ohio 1986).

The Union's claims were filed on behalf of the individual members *en masse,* without setting forth names, addresses, or individual amounts claimed. Such *en masse* filings have been disallowed by other courts. *See, In re Standard Metals Corp.,* 817 F.2d 625 (10th Cir.1987), 48 B.R. 778

(D.Colo.1985), *In re American Reserve Corporation,* 15 B.C.D. 1259, 71 B.R. 32 (N.D.Ill.1987), *In re Continental Airlines Corporation,* 64 B.R. 874 (Bkrtcy.S.D.Tex. 1986).

However, to disallow the Union's amended claim number 28 without allowing each claimant an opportunity to file a proof of claim in his, or her, own name may unfairly prejudice the claimant. *See, In re Continental Airlines, supra,* at 881, in which it is stated:

[A]s a court of equity, the court finds that it would be unfair to prejudice individual claimants who may have reasonably relied upon their union to file certain claims on their behalf and who, in the first instance, had the right to bring such claims in their own name. Therefore, in the exercise of its equitable discretion, this court will allow individual employee claimants to ... file new proofs of claim relating to their pro rata share of those union claims ... which they relied on this union to file....

Therefore, each Union employee of Local 552 should be granted 60 days from the date of the filing of this order within which to file a new proof of claim, and it should be the responsibility of the Union to notify each member of that opportunity within 15 days from the filing of this order.

## ORDER

ACCORDINGLY, IT IS ORDERED, ADJUDGED AND DECREED that:

1. Proof of claim number 16 is allowed as filed.

2. The debtor's motion for summary judgment to disallow proofs of claim numbers 13, 15, 18—which are superseded by

---

**1.** Rule 2019(a): Data Required. In a chapter 9 municipality or chapter 11 reorganization case, except with respect to a committee appointed pursuant to § 1102 of the Code, every entity or committee representing more than one creditor or equity security holder and, unless otherwise directed by the court, every indenture trustee, shall file a verified statement with the clerk setting forth (1) the name and address of the creditor or equity security holder; (2) the nature and amount of the claim or interest and the time of acquisition thereof unless it is alleged to have been acquired more than one year prior to the filing of the petition; (3) a recital of the pertinent facts and circumstances in connection with the employment of the entity or indenture trustee, and, in the case of a committee, the name or names of the entity or entities at whose instance, directly or indirectly, the employment was arranged or the committee was organized or agreed to act; ....

amended proofs of claim numbers 27 and 28—is granted as it relates to proof of claim number 28 and denied as it relates to proof of claim number 27.

3.  Each Union employee of Local 552 is granted 60 days from the date of the filing of this order within which to file a proof of claim in compliance with the Bankruptcy Code and the Bankruptcy Rules.  The Union shall give notice thereof to each Union employee within 15 days of the filing of this order.