In re The **CHARTER COMPANY,**
et al., **Debtors.**

The **CERTIFIED CLASS IN the CHARTER SECURITIES LITIGATION** and **CERTAIN Individual Members Thereof,**
Plaintiffs–Appellants,

v.

The **CHARTER COMPANY,**
Defendant–Appellee.

No. 88–3303.

United States Court of Appeals,
Eleventh Circuit.

June 28, 1989.

Nicholas E. Chimicles, Kenneth A. Jacobsen, Denise Davis Schwartzman, Haverford, Pa., for plaintiffs-appellants.

Daniel L. Goelzer, Richard A. Kirby, Martha H. McNeely, U.S. Securities & Exchange, Washington, D.C., Patricia I. Avery, New York City, Michael Grant Kohn, Gene Mesh & Associates, Cincinnati, Ohio, for U.S. S.E.C.

Stephen D. Busey, Smith & Hulsey, Jacksonville, Fla., for defendant-appellee.

Before HILL and ANDERSON, Circuit Judges, and ESCHBACH *, Senior Circuit Judge.

ANDERSON, Circuit Judge:

This case poses the question of whether proofs of claim in bankruptcy may be filed on behalf of a class of claimants, rather than being required individually of each claimant. We hold that class proofs of claim are valid.

## I. BACKGROUND

On April 5, 1984, the appellants in this case initiated suit against the appellee, the Charter Company ("Charter"), and against its officers and directors. *In re Charter Securities Litigation*, No. 84–448–CIV–J–12 (M.D.Fla.). The action sought damages based on violations of federal securities law, on behalf of the named plaintiffs and a class consisting of purchasers of Charter's stock. The details of the allegations in the securities litigation are not material to this appeal, but the gravamen of the complaint was that Charter misrepresented its financial condition during the relevant period to purchasers of its stock.

On April 20, 1984, Charter and a large number of its subsidiaries or affiliates filed petitions for reorganization in bankruptcy under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101 *et seq. In re The Charter Company*, Nos. 84–289–BK–J–GP through 84–332–BK–J–GP (Bankr.M.D.Fla.). The securities litigation was stayed with respect to Charter, pursuant to the automatic stay provision of the Code, 11 U.S.C. § 362(a), but proceeded against the other named defendants.

Meanwhile, the reorganization proceedings began. The bankruptcy court entered an order requiring that potential claimants file a proof of claim by a November 19, 1984, bar date. On September 14, 1984, prior to the bar date, the named representatives in the securities litigation filed a proof of claim in the bankruptcy case. The proof of claim, entitled Proof of Claim on Behalf of Class of Claimants, purported to establish claims on behalf of the named plaintiffs and all those who purchased Charter securities during the specified period. The consolidated and amended class action complaint in the securities litigation

---

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

was appended to the proof of claim. Subsequently, in August 1986, the district court certified the class in the securities litigation.

After almost two years of reorganization negotiations, on October 7, 1986, Charter objected to the proof of claim. In response, the claimants filed a Bankruptcy Rule 9014 motion for application of Bankruptcy Rule 7023—which applies Federal Rule of Civil Procedure 23 ("Rule 23") to bankruptcy proceedings—and for class certification of the claim.

The bankruptcy court disallowed the "class" proof of claim, on two grounds. First, the court ruled that, in light of this court's decision in *In the Matter of GAC Corp.*, 681 F.2d 1295 (11th Cir.1982), proofs of claim on behalf of a class of claimants are not allowable in bankruptcy proceedings. Second, it held that, even were such proofs of claim proper, the claimants did not comply with the requirements for bankruptcy class certification in a timely manner. The district court affirmed the bankruptcy court on both grounds, in an order dated February 24, 1988. This appeal followed.

In this appeal, we address two issues, in the following order. First, we must decide whether proofs of claim on behalf of a class of claimants are allowable in bankruptcy. Second, if such proofs of claim are allowable, we will address whether the particular claim filed by the appellants complied with the procedural requirements of the Bankruptcy Rules.

## II. VALIDITY OF CLASS PROOFS OF CLAIM

■ Under chapter 11 of the Bankruptcy Code, certain claimants against an estate in bankruptcy must file proofs of claim in order to participate in a reorganization and obtain any monetary satisfaction. Bankruptcy Rule 3003(c). In order to safeguard the finality of the proceedings, Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix ... the time within which proofs of claim or interest may be filed." *See Hoos & Co. v. Dynamic Corp. of America*, 570 F.2d 433, 439 (2d Cir.1978); *In the Matter of Evanston Motor Co., Inc.*, 26 B.R. 998, 1005 (N.D.Ill.1983), *aff'd*, 735 F.2d 1029 (7th Cir.1984). After the passage of this deadline, commonly referred to as the bar date, the claimant cannot participate in the reorganization unless he establishes sufficient grounds for the failure to file a proof of claim. *See generally In re South Atlantic Financial Corp.*, 767 F.2d 814, 817 (11th Cir.1985), *cert. denied*, 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986).

Normally, with one enumerated exception, proofs of claim are filed individually, usually by a creditor. *See* 11 U.S.C. § 501.[1] Of course, section 501 does not operate in isolation. It is supplemented by a number of other provisions related to who may file and the procedures by which the reorganization will be conducted. The parties do not dispute that under these provisions claims individually filed may be, under the appropriate circumstances, certified and treated as a class. *See* Bankruptcy Rule 7023; *see, e.g., In re REA Express, Inc.*, 10 B.R. 812 (Bankr.S.D.N.Y.1981). In contrast—and in the absence of specific statutory authorization—the claimants in this case are attempting to file on behalf of a class of claimants other than themselves.[2]

---

1. 11 U.S.C. § 501 Filing of proofs of claims or interests.

   (a) A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest.

   (b) If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim.

   (c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

11 U.S.C. § 501(a)–(c).

Under the Bankruptcy Code, a creditor is defined as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(9)(A). An entity is defined to include a "person, estate, trust, [and] governmental unit." 11 U.S.C. § 101(14).

2. This type of filing procedure has come to be known as a "class proof of claim." *See, e.g., In re Allegheny International, Inc.*, 94 B.R. 877 (Bankr.W.D.Penn.1988); *In re Johns–Manville Corp.*, 53 B.R. 346, 347 (Bankr.S.D.N.Y.1985).

Whether the Bankruptcy Code permits class proofs of claim is a question of first impression in this circuit, and only two of our sister circuits have dealt with the issue.[3] In *In the Matter of American Reserve Corp.*, 840 F.2d 487, 488 (7th Cir. 1988), the Seventh Circuit approved the filing of class proofs of claim. Earlier, the Tenth Circuit had reached the opposite result. *In re Standard Metals*, 817 F.2d 625, 630 (10th Cir.1987), *vacated and reversed* on other grounds sub nom. *Sheftelman v. Standard Metals Corp.*, 839 F.2d 1383 (1987), *cert. dismissed* —— U.S. ——, 109 S.Ct. 201, 102 L.Ed.2d 171 (1988). While the precedential value of the holding in *Standard Metals* is uncertain,[4] in any case we find the reasoning of *American Reserve* more persuasive.

The Bankruptcy Code contains no explicit provision authorizing the filing of class proofs of claim. *GAC*, 681 F.2d at 1299.

See also Wohlmuth, *The Class Action and Bankruptcy: Tracking the Evolution of a Legal Principle*, 21 UCLA L.Rev. 577, 591 n. 47 (1973).

3. In *In the Matter of GAC Corp.*, 681 F.2d 1295 (11th Cir.1982), a panel of this court was confronted with another class proof of claim. However, because the court held the claimant had not followed the correct filing procedures, it stated that "we need not and do not decide the issue whether a class proof of claim is ever allowable in a [bankruptcy] proceeding." *GAC*, 681 F.2d at 1299.

As noted in *GAC*, the majority of courts to consider the question have not allowed class proofs of claim. *See In re Standard Metals*, 817 F.2d 625 (10th Cir.1987), *vacated and reversed on other grounds sub nom. Sheftelman v. Standard Metals Corp.*, 839 F.2d 1383 (1987), *cert. dismissed* —— U.S. ——, 109 S.Ct. 201, 102 L.Ed.2d 171 (1988); *In re Allegheny International, Inc.*, 94 B.R. 877 (Bankr.W.D.Pa.1988); *In re Great Western Cities, Inc.*, 88 B.R. 109, 112 (Bankr.N.D.Tex.1988); *In re Vestra Industries, Inc.*, 82 B.R. 21, 22 (Bankr.S.Carolina 1987); *In re Electronic Theatre Restaurants Corp.*, 57 B.R. 147 (Bankr.N.D.Ohio 1986); *In re Continental Airlines Corp.*, 64 B.R. 874, 880 (Bankr.S.D.Tex. 1986); *In re Computer Devices, Inc.*, 51 B.R. 471 (Bankr.D.Mass.1985); *In re Johns–Manville Corp.*, 53 B.R. 346 (Bankr.S.D.N.Y.1985); *In the Matter of Baldwin–United Corp.*, 52 B.R. 146, 147 (Bankr.S.D.Ohio 1985); *In the Matter of Shulman Transp. Enters., Inc.*, 21 B.R. 548 (Bankr.S.D.N.Y.1982), *aff'd* 33 B.R. 383 (S.D.N.Y.1983), *aff'd* 744 F.2d 293 (2d Cir.1984); *In re Society of the Divine Savior*, 15 Fed.R.Serv.2d 294 (E.D.Wis.1971). *See also SEC v. Aberdeen Securities Co.*, 480 F.2d 1121, 1128 (3rd Cir.), *cert. denied*, 414 U.S. 1111, 94 S.Ct. 841, 38 L.Ed.2d 738 (1973) (affirming refusal to treat individual claims as part of a class action in a proceeding under old Bankruptcy Act and Securities Investor Protection Act of 1970, 15 U.S.C. A. §§ 78aaa *et seq.*); *In the Matter of Stirling Homex Corp.*, 579 F.2d 206, 209 n. 5 (2d Cir. 1978), *cert. denied sub nom. Jezarian v. Raichle*, 439 U.S. 1074, 99 S.Ct. 847, 59 L.Ed.2d 40 (1979) (noting but not reaching district court's disallowance of bankruptcy claims to the extent made on behalf of a class of claimants); *In re Grocerland Coop., Inc.*, 32 B.R. 427 (Bankr.N.D. Ill.1983) (dicta); *In re Cartridge Television, Inc.*, 535 F.2d 1388 (2d Cir.1976) (mooting bankruptcy court's ruling against a class claim); *In re U.S. Truck Co., Inc.*, 89 B.R. 618, 623 n. 3 (E.D. Mich.1988) (dicta); *In re The Woodmoor Corp.*, 4 B.R. 186 (Bankr.D.Colo.1980) (dicta).

However, a number of courts have allowed class proofs of claim. *See In the Matter of American Reserve Corp.*, 840 F.2d 487 (7th Cir. 1988); *In re Wickes Cos., Inc.*, No. LA–82–06657– WL (Bankr.C.D.Cal. July 15, 1983) (unpublished); *In re Dolly Madison Indus., Inc.*, Nos. 70–354 to 70–367 (E.D.Pa.1970) (unpublished) (class proof of claim not objected to by debtor). *See also In re Texas International Co.*, No. 88– 02672–BH (Bankr.W.D.Okla. Dec. 2, 1988) (Order Certifying Class Proof of Claim).

4. In *Standard Metals*, the Court of Appeals upheld the dismissal of the individual claimant who had filed the class proof of claim, for failing to appear at a deposition, and held that class proofs of claim were not available in bankruptcy. *In re Standard Metals Corp.*, 817 F.2d 625 (10th Cir.1987). Subsequently, rehearing was granted in the case, limited to the issue of notice to the putative class members, purchasers of bonds of a subsidiary of Standard Metals. *In re Standard Metals Corp.*, No. 85–2783 (10th Cir. June 23, 1987) (unpublished order). Upon rehearing, dismissal of the named bankruptcy "class representative" was affirmed, but the court required that notice be given to the bond purchasers and the bar date be extended—in other words, that the other bond purchasers be given another opportunity to file proofs of claim. The court stated that "in view of the disposition of this appeal it is not necessary to consider the class action claims issue." *Standard Metals*, 839 F.2d at 1387. However, the original panel opinion was thereafter vacated only as to the notice issue. *In re Standard Metals Corp.*, No. 85–2783 (10th Cir. March 28, 1988) (unpublished order). Nonetheless, the second panel's resolution apparently obviated the need to decide whether the other bond purchasers had valid, filed proofs of claim in the form of the class proof of claim. Therefore, despite the scope of the order vacating the original panel opinion, the discussion of class proofs of claim in the original *Standard Metals* opinion may be dicta.

The statutory list of who may file, and the definitions of the terms composing the list, do not include a class representative.[5] Charter would urge that our inquiry stop there. However, the question we face is how to interpret that silence. Therefore, we turn to an examination of the legislative history and structure of the Code.

■ The legislative history of the Bankruptcy Code supports the conclusion that class proofs of claim are valid. While the legislative history is silent on the specific issue, it evinces a congressional intent to open bankruptcy proceedings to the widest possible range of "players." The 1978 revision of the statute expanded the definition of a claim, using the following broad language:

> [A] right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.

11 U.S.C. § 101(4). The congressional goal was clear: "The effect of the definition is a significant departure from present law … By this broadest possible definition, and by the use of the term throughout the title 11, especially in subchapter I of Chapter 5 [the claim filing and treatment provisions of the statute], the bill contemplates that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy court. It permits the broadest possible relief in the bankruptcy court." H.Rep. No. 595, 95th Cong., 1st Sess. 309 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6266 (reprinted in notes following 11 U.S.C.A. § 101 (1979)). A restrictive reading of section 501, the filing provision, would frustrate this goal. The consequence of prohibiting class proofs of claim would be to read out of the broad definition of claim the debtor's obligations to the putative class.[6] To this extent, then, a reading of section 501 that permitted class proofs of claim would be consistent with the goals of the bankruptcy statutory scheme.

■ In construing the filing provision, it is also useful to look to the structure and policies of the Code. It is persuasive that Congress has incorporated Rule 23 into the Bankruptcy Code.[7] Given that Congress indisputably intended to make procedures related to *prosecuting* a class action available to bankruptcy claimants, there is a strong indication that procedures related to *initiating* a class action should be available. Other Code sections incorporating the Federal Rules of Civil Procedure have been construed to further the policies and

---

5. *See* note 1, *supra.*

6. Neither can Charter argue that by enacting the present Bankruptcy Code Congress intended to ratify an interpretation of section 501 that precludes class proofs of claim. As a rule of statutory construction, Congress can be presumed to have ratified a well-established judicial interpretation of a prior statutory provision. *See Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 358–60, 93 L.Ed.2d 216 (1986); *Midlantic National Bank v. New Jersey Department of Environmental Protection,* 474 U.S. 494, 106 S.Ct. 755, 759–60, 88 L.Ed.2d 859 (1986). However, this presumption is only triggered when the ratified *vel non* judicial construction is "widely accepted." *Kelly v. Robinson,* 107 S.Ct. at 359.

Prior to the enactment of the 1978 Code, no court of appeals had decided the issue. *See In the Matter of GAC Corp.,* 681 F.2d 1295, 1299 (11th Cir.1982) (decided under old Act and not reaching issue); *SEC v. Aberdeen Securities Co., Inc.,* 480 F.2d 1121, 1128 (3d Cir.), *cert. denied,* 414 U.S. 1111, 94 S.Ct. 841, 38 L.Ed.2d 738 (1973) (decision under Securities Investor Protection Act). The only holdings were by three bankruptcy courts that had refused to allow class claims, *see In re Stirling Homex Corp.,* 579 F.2d 206, 209–10 n. 5 (2d Cir.1978), *cert. denied sub nom. Jezarian v. Raichle,* 439 U.S. 1074, 99 S.Ct. 847, 59 L.Ed.2d 40 (1979) (pre–1978 Code, noting bankruptcy court's unreported ruling); *In re Cartridge Television, Inc.,* 535 F.2d 1388, 1389–90 (2d Cir.1976) (mooting bankruptcy court's unreported ruling); *In re Society of the Divine Savior,* 15 Fed.R.Serv.2d 294, 298 (Bankr.E.D.Wis.1971), and two courts that had allowed them, *see In re Dolly Madison Industries, Inc.,* Nos. 70–354 to 367 (E.D.Pa.1970) (unreported, allowing class claim without objection); *In re Commonwealth Financial Corp.,* No. 30,209 (E.D.Pa.1971) (unreported agreement to settle a class claim) (discussed in Wohlmuth, *The Class Action and Bankruptcy: Tracking the Evolution of a Legal Principle,* 21 UCLA L.Rev. 577, 592–98 (1973).

Therefore, there was no "widely accepted" judicial interpretation of section 501 which Congress could be presumed to have ratified.

7. *See* Bankruptcy Rule 7023.

procedures of the incorporated rule. *See, e.g., Fuel Oil Supply and Terminaling v. Gulf Oil Corp.*, 762 F.2d 1283 (5th Cir. 1985) (construing 11 U.S.C. § 1109 with the Federal Rules so that applications to raise any issue and be heard are governed by federal rule respecting intervention of right). The position adopted by some courts that bankruptcy litigation can proceed under Rule 23, but only after each potential class member files an individual proof of claim, is illogical and contrary to important class action policy considerations. *See, e.g., In re Standard Metals Corp.*, 817 F.2d 625 (10th Cir.1987); *In re Johns–Manville Corp.*, 53 B.R. 346, 353 (Bankr.S.D.N.Y.1985). This construction of the statute effectuates only one of the policies underlying Rule 23, that of consolidating a large number of claims into one litigation.[8] However, it ignores the goal of permitting the prosecution of small claims which would not be economical to prosecute individually.

The Supreme Court has recognized this function of class action procedures. *See, e.g., Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 339, 100 S.Ct. 1166, 1174, 63 L.Ed.2d 427 (1980). "The class action permits the aggregation and litigation of many small claims that would otherwise lie dormant." *In the Matter of American Reserve Corp.*, 840 F.2d at 489. Because claims may be contingent or of uncertain value, potential claimants may not realize that they can recover, unless the efforts of a representative make them aware. *Id.* Likewise, the effort and cost of investigating and initiating a claim may be greater than many claimants' individual stake in the outcome, discouraging the prosecution of these claims absent a class action filing procedure. As one commentator has concluded, "when claims are small, they are unlikely to receive the attention of an attorney on an individual basis but

might very well receive such attention when aggregated." Wohlmuth, *The Class Action and Bankruptcy: Tracking the Evolution of a Legal Principle*, 21 UCLA L.Rev. 577, 579 (1973); *see also Deposit Guaranty National Bank v. Roper*, 445 U.S. at 338 n. 9, 100 S.Ct. at 1174 n. 9.

This policy, which is not fulfilled absent class filing, is also consistent with the goals of the bankruptcy statute. As noted in the discussion of the breadth of the statute's definition of a claim, the bankruptcy statute has the goal of facilitating creditor compensation. It would be incongruous for this bedrock policy to be thwarted by reading a procedural limitation into the Code. Bankruptcy also seeks to achieve equitable distribution of the estate. Persons holding small claims, who absent class procedures might not prosecute them, are no less creditors under the Code than someone with a large, easily filed claim. Applying Rule 23 to filing procedures will bring all claims forward, as contemplated by the Bankruptcy Code.

Although Charter urges us to read the list in section 501 as exclusive, other provisions in the statute make it clear that it is not exclusive. For example, Bankruptcy Rule 3001(b) sets out the procedures for filing by a creditor's authorized agent, yet filing by an authorized agent is not expressly provided for in section 501. Thus, the maxim of statutory construction of *expressio unius est exclusio alterius* —that specification of certain things implies an intention to exclude all others—obviously does not apply to the provision. *In the Matter of American Reserve Corp.*, 840 F.2d 487, 492 (7th Cir.1988) (citing *Herman & MacLean v. Huddleston*, 459 U.S. 375, 387 n. 23, 103 S.Ct. 683, 690 n. 23, 74 L.Ed.2d 548 (1983)); *cf. In re Johns–Manville Corp.*, 53 B.R. 346, 350 (Bankr.S.D.N.Y.1985).[9]

---

8. Even with respect to the consolidation policy, which would normally be realized by class certification after individual filing, class filing would increase the efficiency of the proceedings: in the case of a class that has already been certified by the district court, it seems backwards to then require the individual class members to

file separate proofs of claim in bankruptcy court.

9. Charter also makes an argument based on Congress's inclusion of indenture trustees in the list of who may file a proof of claim. Because indenture trustees may file on behalf of a group of claimants, Charter contends that the inden-

Even were there none of the above-described indications in the Code, our reading of the statute would be influenced by the presumption announced by the Supreme Court in *Califano v. Yamasaki*, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979). In *Yamasaki*, the Court construed section 205(g) of the Social Security Act, the Act's judicial review provision. Although the provision only spoke in terms of suits filed by "any individual," the Court held that it authorized prosecution of suits as class actions. *Id.* at 700, 99 S.Ct. at 2557. The Court relied on the fact that the statute authorized judicial review by the type of civil action routinely brought in district court, and that such a proceeding would normally be litigated pursuant to the federal rules. Given that Rule 23 would normally be applicable, the Court stated that

> in the absence of a direct expression by Congress of its intent to depart from the usual course of trying 'all suits of a civil nature' under the Rules established for that purpose, class relief is appropriate in civil actions brought in federal court.

*Id.*

The *Yamasaki* presumption is applicable here. As in *Yamasaki*, the filing provision does not expressly provide for class filing, and is facially limited to non-representative filing (with one exception). As with the section at issue in *Yamasaki*, the bankruptcy statute incorporates many of the Federal Rules, including Rule 23. *See* Bankruptcy Rule 7001, Advisory Committee Note. Indeed, the Advisory Committee Note to Bankruptcy Rule 7001 states that

the rules are "based on the premise that to the extent possible practice before the bankruptcy courts and the district courts should be the same." The *Yamasaki* Court also noted that class relief would be particularly appropriate for the claims presented; likewise, application of a class filing procedure would be particularly appropriate to vindicate the purposes of the bankruptcy statute. Finally, there is no express limitation on filing class proofs of claim in the Bankruptcy Code. Therefore, the statute must be presumed to incorporate class action procedures, including those related to initiating suit.[10]

Charter argues that, contrary to bankruptcy policies, allowing class proofs of claim will lead to inexpeditious resolution of claims. Charter's concern is not well-founded. Under 11 U.S.C. § 502(c), contingent and unliquidated claims are subject to mandatory estimation. Section 502(c) is a complement to the Bankruptcy Code's broad definition of a claim, and was inserted by Congress to ensure that such claims could be processed without delaying the proceedings. *In the Matter of Baldwin-United Corp.*, 55 B.R. 885, 897–98 (Bankr. S.D.Ohio 1985). The bankruptcy courts are well used to the estimation procedures outside the class action context, even in highly complex cases. *See, e.g., In the Matter of Brints Cotton Marketing, Inc.*, 737 F.2d 1338 (5th Cir.1984) (estimation used to value approximately 1200 on-call contracts); *Kane v. Johns–Manville Corp.*, 843 F.2d 636 (2d Cir.1988) (affirming reorganization plan incorporating estimate of both number

---

ture trustee provision is a negative pregnant, i.e., that it implies that no other class of claimants may file a proof of claim. However, the inclusion of the indenture trustee in section 501 merely codifies a retained provision of the prior bankruptcy statute, a provision carried forward from the 1938 Bankruptcy Act that clarified the authority of the indenture trustee. *See* 11 U.S. C. § 598 (repealed); 11 U.S.C.Table 1, Former Title 11 U.S.C.A.—Disposition. There is no indication that this provision was meant to do anything else than describe the indenture trustee's authority or was meant to reflect on any other aspect of the statute.

The indenture trustee provision's presence does suggest, however, that in general filing and proceeding on behalf of a class would not frustrate bankruptcy policies. *See also* Bankruptcy

Rule 7023; 11 U.S.C. § 1109(b) (allowing "a creditor's committee ... [to] raise and ... appear and be heard on any issue in any case under this chapter").

**10.** The Tenth Circuit distinguished *Yamasaki* on the ground that in a contested bankruptcy matter, the Federal Rules are not generally applicable, but are applied at the court's discretion. *In re Standard Metals Corp.*, 817 F.2d 625, 631 n. 8 (10th Cir.1987). However, with respect to Bankruptcy Rule 7023, that discretion relates to the same discretion exercised by any district court judge in deciding whether or not class certification under Rule 23 is appropriate. We cannot see how this distinction would affect the *Yamasaki* presumption.

and amount of asbestos-related claims). There is no reason to expect that the experience of the bankruptcy courts would be any different when dealing with class claims.

Charter also argues that to allow class proofs of claim would conflict with Bankruptcy Rules 3001(b) and 2019. Bankruptcy Rule 3001(b) requires that "[a] proof of claim shall be executed by the creditor or the creditor's authorized agent." Bankruptcy Rule 2019 requires any representative of more than one creditor to file a verified disclosure statement. Charter asserts that an individual who files a class proof of claim is not an "authorized" agent for the class and normally cannot comply with the disclosure requirements, because of the nature of a class action. *See In re Standard Metals Corp.*, 817 F.2d at 631 ("Rule 3001(b) allows a creditor to decide to file a proof of claim and to instruct an agent to do so; it does not allow an 'agent' to decide to file a proof of claim and then inform a creditor after the fact.").

Upon closer inspection, neither provision presents an obstacle to class proofs of claim. With respect to Bankruptcy Rule 3001(b), the representative in a class action is an agent for the class members. *In the Matter of American Reserve Corp.*, 840 F.2d at 493. Although the putative class members do not consent to the original filing beforehand, this is inherent in the nature of a class action. The class filing cannot prejudice the putative class members in any way, and the subsequent application of class action procedures relating to notice, representativeness of the named class members, and opt-out provisions will protect the class members' individual interests. Thus, the filing claimant's status as a putative representative is at least minimally sufficient to authorize his agency for class filing purposes, and there is no apparent reason to prohibit him from acting in that capacity. Filing holds no potential for prejudice to the other claimants, and in performing any other functions the representative will be under the supervision of the court and Rule 23 procedures.

Likewise, Bankruptcy Rule 2019 does not contradict the use of class proofs of claim. If class certification is appropriate, compliance with the class action procedures would satisfy the rule's objectives *nunc pro tunc;* and, on the other hand, if the bankruptcy judge exercises his discretion not to apply Rule 23, the question of compliance with 2019 is moot. *See American Reserve*, 840 F.2d at 493 n. 6. Any other application of Bankruptcy Rule 2019, assuming class proofs of claim are valid, would be unworkable. *Cf. In re Electronic Theatre Restaurants Corp.*, 57 B.R. 147 (Bankr.N.D.Ohio 1986) (Rule 2019 statement invalid because of failure to aver that the representative is specifically authorized by each claimant to file on their behalf).

In light of Congress's inclusion of Rule 23 in bankruptcy proceedings, the clear congressional intent that the Bankruptcy Code encompass every type of claim, and the presumption established in *Yamasaki*, we conclude that class proofs of claim are allowable in bankruptcy. Charter's arguments against the use of class proofs of claim are not ultimately convincing. Given our holding that class proofs of claim are allowable, we now proceed to determine whether this particular claim timely complied with the requirements of class certification.

## III. TIMELINESS OF PROCEDURAL COMPLIANCE

The procedures governing the incorporation of Rule 23 into bankruptcy proceedings are contained in the Bankruptcy Rules. Rule 23 may be invoked in two circumstances: in an adversary proceeding and in a contested matter. Pursuant to the terms of Bankruptcy Rule 7023, Rule 23 applies in any adversary proceeding. Also, under Bankruptcy Rule 9014, the bankruptcy judge may at his discretion apply Bankruptcy Rule 7023, and by extension Rule 23, in a contested matter. *See generally In the Matter of GAC Corp.*, 681 F.2d 1295, 1299 (11th Cir.1982) (discussing predecessor bankruptcy rules); *In re Standard Metals Corp.*, 817 F.2d at 631 n. 10.

■ The filing of a proof of claim and the debtor's objection thereto do not constitute an adversary proceeding,[11] and therefore this avenue for invoking Rule 23 was not available to the appellants.[12] However, when an objection is made to a filed proof of claim, a contested matter arises. *See* Bankruptcy Rule 3007, Advisory Committee Note; Bankruptcy Rule 9014, Advisory Committee Note. Therefore, absent an adversary proceeding, the first opportunity a claimant has to move under Bankruptcy Rule 9014, to request application of Bankruptcy Rule 7023, occurs when an objection is made to a proof of claim. Prior to that time, invocation of Rule 23 procedures would not be ripe, because there is neither an adversary proceeding nor a contested matter.

■ Here, the appellants complied with the above-described procedures. Their claim was filed within the bar date. Once filed, it was entitled to a presumption that it was "deemed allowed," until objected to. 11 U.S.C. § 502(a). No objection was made to the claim for almost two years; once objection was made, the appellants promptly moved under Bankruptcy Rule 9014 to invoke 7023.[13] The Bankruptcy Rules impose no time requirement with respect to filing a motion for application of Bankruptcy Rule 7023; indeed, the Code contains no other instance where a claimant must perfect a claim prior to objection. Thus, we

**11.** Bankruptcy Rule 7001 states:

An adversary proceeding is governed by the rules of this Part VII. It is a proceeding in a bankruptcy court (1) to recover money or property, except a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002, (2) to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d), (3) to obtain approval pursuant to § 363(h) for the sale of both the interest of the estate and of a co-owner in property, (4) to object to or revoke a discharge, (5) to revoke an order of confirmation of a chapter 11 or chapter 13 plan, (6) to determine the dischargeability of a debt, (7) to obtain an injunction or other equitable relief, (8) to subordinate any allowed claim or interest, except when subordination is provided in a chapter 9, 11, or 13 plan, (9) to obtain a declaratory judgment relating to any of the foregoing, or (10) to determine a claim or cause of action removed to a bankruptcy court.

**12.** Charter argues that there was an adversary proceeding prior to its objection, and thus the claimants could have sought certification sooner. Charter specifically relies on Bankruptcy Rule 7001(1) and (2). *See* note 11, *supra*. However, neither section is applicable to the situation faced by the claimants. *In re Johns–Manville Corp.,* 53 B.R. 346, 352 (Bankr.S.D.N.Y. 1985) (the 7001 list "does not include a category for the recovery of claims against the debtor"). The Advisory Committee Note for Bankruptcy Rule 7001 distinguishes between normal objections to a proof of claim and the supplemental relief described in 7001: "Filing of proofs of claim and the allowances thereof are governed by Rules 3001–3005, and objections to claims are governed by Rule 3007. When an objection to a claim is joined with a demand for relief of the kind specified in this Rule 7001, the matter becomes an adversary proceeding."

The first section, Bankruptcy Rule 7001(1), has been applied in the context of replevin actions to recover money or property, motions to avoid post-petition transfers and actions for the turnover of collateral. *See, e.g., In re Auxano, Inc.,* 96 B.R. 957 (Bankr.W.D.Missouri 1989); *In re McCorhill Publishing, Inc.,* 73 B.R. 1013 (Bankr.S.D.N.Y.1987); *In the Matter of L.G. Edwards Farm, Inc.,* 30 B.R. 842 (Bankr.E.D.Missouri 1983). Thus, the first section would not seem to apply to securities law claims. The second, Bankruptcy Rule 7001(2), which relates to liens or interests in property, does not apply to a securities fraud action. Moreover, Charter has not cited, and we have not found, any authority for the proposition that adversary proceedings were an option. "After searching anxiously for the principles on which a contrary opinion may be supported, none have been found which appear of sufficient force to maintain the opposite doctrine." *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 159, 2 L.Ed. 60 (1803).

**13.** Not only was the situation not ripe for a motion under Bankruptcy Rule 9014 until Charter objected to the claim, but before that time the claimants could reasonably believe that Charter might accept a class proof of claim. *See, e.g., In re Dolly Madison Indus., Inc.,* Nos. 70–354 to 70–367 (E.D.Pa.1970) (unpublished) (class proof of claim not objected to by debtor). Because in general the debtor may decide not to litigate a claim or may seek to compromise, there often will be no need for contested proceedings relating to a claim. *See* Bankruptcy Rule 9019 (court approved compromise and settlement, including of a class of controversies). Thus, there are practical, as well as statutory, reasons why it might be premature for a class claimant to seek to certify the class prior to objection.

conclude that there was no undue delay here.

Charter argues that this circuit's holding in *In the Matter of GAC Corp.*, 681 F.2d 1295 (11th Cir.1982), precludes our finding that this proof of claim is allowable. Charter contends that the bankruptcy judge below exercised the same discretion to require individual proofs of claim that the court approved in *GAC*. Therefore, Charter argues, we are bound by *GAC* to find that the appellants' claims are barred. Because of the material differences between this case and *GAC*, enumerated below, we are not persuaded by Charter's argument.

*GAC* concerned the voluntary bankruptcy of the GAC Corporation, under the old Bankruptcy Act. After bankruptcy proceedings had commenced, the claimant, Novak, filed a class proof of claim on behalf of himself and certain purchasers of GAC's debentures. The claims alleged violations of section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5. Subsequently, the bankruptcy judge issued a bar order setting the bar date and requiring that each creditor file an individual proof of claim. Copies of the bar order were mailed to 280,000 potential claimants, including the putative class members, and a copy was published in 53 leading newspapers. The trustees objected to the class claim, but Novak never filed a motion under Bankruptcy Rule 914 requesting the application of Bankruptcy Rule 723 (the predecessor rules to 9014 and 7023, respectively). Upon the trustees' objections, the bankruptcy judge disallowed the class claim, and the district court affirmed.

On appeal, the panel affirmed. The court's holding was based on three points. First, because Novak had never filed a Bankruptcy Rule 914 motion, Rule 23 was never made applicable to the proceedings,

and absent such application a class proof of claim was not appropriate. Second, Novak did not comply with the procedural requirements for prosecuting a class action. Third, the bankruptcy judge acted within his discretion by requiring individual proofs of claim, in the bar order which followed the class filing.

In contrast to the circumstances in *GAC*, the instant claimants complied with the procedural requirements for proceeding as a bankruptcy class. They made a timely 9014 motion to invoke Rule 23, as discussed above. Likewise, the claimants complied with the other procedural requirements that were appropriate in light of the posture of the matter. Prior to the claimants' 9014 motion, the district court in the securities litigation had certified the class. The 9014 motion recited the certification and made allegations that the class complied with the requirements of Rule 23.[14] All of the elements required for the bankruptcy court to decide whether to exercise its discretion and apply Rule 23 thus were present, unlike in *GAC*.

Perhaps more importantly, the *GAC* court held that the bar order entered by the bankruptcy judge rejected the class proof of claim and required individual proofs of claim. *GAC*, 681 F.2d at 1299–1300. This decision was upheld as within the bankruptcy judge's discretion. Here, the bar order could not have had the same effect as the order in *GAC*. First, the order here *preceded* the filing of the class proof of claim, unlike the order in *GAC*. It thus could not have specifically rejected the particular class proof of claim as had happened in *GAC*. Second, the two bar orders are materially different. As the court noted in *GAC*, the bar order there specifically addressed the securities law claims of the potential class members.[15] Likewise, the

---

**14.** As in *GAC*, the claimants here did not file a verified disclosure statement pursuant to Bankruptcy Rule 2019(a). The rule requires every entity or committee representing more than one creditor to file a statement disclosing information relating to the nature of the representation. However, Bankruptcy Rule 2019 is satisfied, and the policies behind it are realized, by the certification of a class. *In the Matter of Ameri-*

*can Reserve Corp.*, 840 F.2d 487, 493 (7th Cir. 1988).

**15.** The Order stated in part:

THIS CASE having come before the Court upon the Application of the Chapter X Co–Trustees for an order fixing claims deadlines with regard to certain classes of claims pertinent to these proceedings; and the Court having considered the aforesaid Application and

scope of the notice required by the order was tailored to include the debenture-holders, even though no proof of claim would be needed to preserve their non-securities law claims. Finally, the notice included a summary of the lengthy trustees report, attached to the bar order, which described financial information about the debtor from which a securities law claim might arise. *In the Matter of GAC*, 6 B.R. 981, 984 (S.D.Fla.1980). All of these factors contributed to the court's conclusion that the bar order had rejected the class proof of claim.

By contrast, the bar order in this case does not contemplate the issue of a class proof of claim or even the existence of the underlying securities fraud claims. Unlike *GAC*, we conclude in this case that the bar order did not impose a requirement prohibiting class proofs of claim. It would not be fair in this case to read such a requirement into the bar order retroactively.

We conclude that the proof of claim in this case was filed in timely compliance with bankruptcy procedures.

## IV. CONCLUSION

We hold that a proof of claim filed on behalf of a class of claimants is valid, and that the class proof of claim in this case was timely filed. However, our resolution of this case does not mean that the appellants may proceed, without more, to represent a class in their bankruptcy action. Under the bankruptcy posture of this case, Bankruptcy Rule 7023 and class action procedures are applied at the discretion of the bankruptcy judge. Because the bankruptcy judge ruled that class proofs of claim were not available, he did not reach the question of whether or not to apply Bankruptcy Rule 7023. Therefore, we reverse the decision of the district court, with instructions to remand the case to the bank-

the record in these proceedings, having heard the parties in interest at a duly-noticed hearing thereon on November 10, 1977, and good cause therefor being shown, it is accordingly
ORDERED, ADJUDGED and DECREED as follows:
1. All claims other than those specifically excluded by this Claims Bar Order, relating to the above-named Debtors and their subsidiaries on the attached listing, shall be filed with this Court in writing substantially in conformity with Official Bankruptcy Form No. 15 on or before May 1, 1978 ...
3. Except as provided in Paragraph 2 above, the provisions of this Claims Bar Order shall apply to all claims of whatever character against any of the above-named Debtors and their subsidiaries on the attached listing, or their property, whether or not such claims are provable under Section 103 of Title 11 of the United States Code, and whether secured or unsecured, liquidated or unliquidated, fixed or contingent. *Such claims subject to this Order shall include, without limitation, any current or past debentureholders having claims against any of the above-named Debtors on grounds other than the debt evidenced by a currently-held debenture instrument, and based upon any actions, conduct, or representations of any such Debtors occurring prior to January 23, 1976.*
4. The Chapter X Co–Trustees shall cause notice of this Claims Bar Order, in the form and manner hereafter to be prescribed by the Court, to be mailed to all parties in interest specified in Paragraph 5 of this Order on or before February 15, 1978. The Chapter X

Co–Trustees shall also cause publication of such notice to be printed in the Wall Street Journal (national edition) and New York Times (national and regional editions) and in newspapers of general circulation in the locations specified in Annex A hereto on or before February 15, 1978. Such notice by publication shall be deemed sufficient notice to bar claims, if not timely filed, by all parties not specifically provided notice by mail pursuant to Paragraph 5 of this Order.
5. Copies of the notice of this Claims Bar Order shall be mailed to all parties listed in the Amended Lists of Creditors and Stockholders filed herein by the Chapter X Co–Trustees; *to all parties who have filed proofs of claim in these proceedings;* and to all present or deeded lot purchasers in all land sales projects of the Debtor, GAC Properties, Inc., and its subsidiaries, or any predecessor corporations.
6. *All dealers in securities holding debentures and/or shares of stock of any of the GAC Debtors in "street name" shall transmit copies of the notices herein provided* to the beneficial owners of said debentures and/or shares of stock on or before February 15, 1978, and the Chapter X Co–Trustees are hereby authorized and directed to provide sufficient copies of the notices to such dealers sufficiently in advance of such date to permit mailing of the same on or before February 15, 1978.
*In the Matter of GAC Corp.,* 681 F.2d 1295, 1297, n. 3 (11th Cir.1982) (emphasis added).

ruptcy court for the exercise of its discretion.

REVERSED and REMANDED.