Wade JENSEN and Donald D. Goff, individually and on behalf of all others similarly situated, Plaintiffs,

v.

SOLVAY CHEMICALS, INC., Solvay America, Inc., and Solvay America Companies Pension Plan, Defendants.

Case No. 06–CV–273–J.

United States District Court, D. Wyoming.

May 24, 2011.

Richard H. Honaker, Honaker Law Offices, Rock Springs, WY, Stephen R. Bruce, Law Offices of Stephen R. Bruce, Washington, DC, for Plaintiffs.

Richard J. Hammett, Scott M. Nelson, Baker & McKenzie, Houston, TX, O'Kelley H. Pearson, Paul J. Hickey, Hickey & Evans, Cheyenne, WY, for Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

ALAN B. JOHNSON, District Judge.

This matter came before the Court by *Defendants' Motion for Summary Judgment on Remand* (Doc. 153). Plaintiffs timely filed a response, and the Court held a hearing on the motion on May 11, 2011. The Court, having considered the parties' arguments, the pleadings of record, and the applicable law, and being fully advised, finds as follows:

### Background

This is a class-action case alleging numerous violations of ERISA and the ADEA by Solvay Chemicals, Inc., Solvay America, Inc., and the Solvay America Companies Pension Plain (collectively, Solvay). Plaintiffs Wade E. Jensen and Donald G. Goff (Employees) represent themselves and a class of current and former employees of Solvay. The complaint alleges the violations stemmed from Solvay's conversion of its retirement benefits calculation to a cash-balance formula. After this Court originally granted summary judgment to Solvay on all the claims, the Tenth Circuit affirmed on most of the claims and reversed on one specific issue: Solvay's ERISA § 204(h) notice concerning the calculation of early-retirement benefits. The Tenth Circuit held that Solvay's notice concerning those benefits was deficient and remanded to this Court to determine whether the deficiency was an egregious failure under § 204(h).

On remand, Solvay asks this Court to grant summary judgment in its favor and hold that the deficiency in its § 204(h) notice was not an egregious failure. First, Solvay argues that no fact in the record supports the argument that its deficiency rises to the level of the dictionary definition of egregious. Second, Solvay argues that there is no genuine issue of material fact that most of the plan participants received most of the required information. Third, Solvay argues that there is a complete absence of any evidence of an intentional failure of the part of Solvay. And finally, Solvay argues that Employees similarly can point to no evidence that Solvay discovered any unintentional failure.

Employees dispute Solvay's arguments, and argue that genuine issues of material fact exist, precluding summary judgment. Specifically, Employees argue that the Court should not utilize the dictionary definition of egregious, as it is already statutorily defined. Next, Employees argue that direct evidence of Solvay's intent is not required, and circumstantial evidence exists that Solvay intentionally failed to comply with the notice requirements. Finally, Employees argue that evidence exists that Solvay discovered the failure and failed to promptly provide the required notice.

### Summary Judgment

Summary judgment is proper when there is no genuine issue of material fact to be resolved at trial. Fed.R.Civ.P. 56(c); *Nebraska v. Wyoming,* 507 U.S. 584, 590,

113 S.Ct. 1689, 123 L.Ed.2d 317 (1993). Thus, a district court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2); *Nelson v. Geringer*, 295 F.3d 1082, 1086 (10th Cir.2002). "An issue of material fact is genuine where a reasonable jury could return a verdict for the party opposing summary judgment." *Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 797 (10th Cir.1997).

In applying these standards, the district court will view the evidence in the light most favorable to the party opposing summary judgment. *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir.1996). The moving party bears the initial burden of demonstrating "the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once the moving party has supported its motion for summary judgment, the burden then shifts to the non-moving party to demonstrate the existence of a genuine issue of material fact left for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To do so, the non-moving party must go beyond the pleadings and designate specific facts to show there is a genuine issue. *Id.; Ford v. West*, 222 F.3d 767, 774 (10th Cir.2000). The mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient to create a "genuine" issue of disputed

fact. *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir.1997).

### Egregious Failure

■ ERISA § 204(h) defines an egregious failure to meet the notice requirements as follows:

> [T]here is an egregious failure to meet the requirements of this subsection if such failure is within the control of the plan sponsor and is
>
> (i) an intentional failure (including any failure to promptly provide the required notice or information after the plan administrator discovers an unintentional failure to meet the requirements of this subsection),
>
> (ii) a failure to provide most of the individuals with most of the information they are entitled to receive under this subsection, or
>
> (iii) a failure which is determined to be egregious under regulations prescribed by the Secretary of the Treasury.

29 U.S.C. § 1054(h)(6)(B).[1]

### Under the Regulations

This Courts notes that the parties did not argue subsection (iii) concerning egregiousness as determined under regulations. This is so because the controlling regulation, 26 C.F.R. § 54.4980F–1Q & A–14, provides nothing more than the statutory definition for egregious failure.

### Most Information

This Courts also notes the parties do not disagree as to subsection (ii) relating to most of the participants receiving most of

---

**1.** In its brief and at oral argument, Solvay provided the Court with dictionary definitions for egregious. However, because the term in this case has been statutorily defined, the Court will not entertain Solvay's argument. *See Hatahley v. United States*, 351 U.S. 173, 179, 76 S.Ct. 745, 100 L.Ed. 1065 (1956) (recognizing dictionary definitions have no application where terms are statutorily defined). Instead, the Court will apply the definition provided in § 1054(h)(6)(B).

the information. Solvay laid out a litany of facts and argument, noting that out of all the deficiencies claimed by Employees, the Tenth Circuit only found one required piece of information missing. Employees have not argued a genuine issue of material fact exists as to this subsection, and therefore Solvay's motion for summary judgment on that issue is deemed confessed. U.S.D.C.L.R. 7.1(b)(2)(A). Therefore, this Court finds no genuine issue of material fact exists as to subsection (ii) and Solvay is entitled to summary judgment.

*Intentional Failure*

Subsection (i) states that an intentional failure to meet the notice requirements is considered egregious. The parties dispute both what is necessary to prove an intentional failure and what facts in the record are applicable.

Solvay argues, "For Plaintiffs to prove an 'intentional failure,' they would need to establish that Defendants deliberately omitted information from the 204(h) Notice and made the conscious decision to distribute a deficient 204(h) Notice." (Doc. 154 at 13). Solvay provides no authority for this statement. Conversely, Employees argue, "This is not the law. An intentional violation is one in which the plan sponsor knows what the statute requires and does not provide that information. Plaintiffs do not have to prove malicious intent, just that Solvay knew the rules and did not provide that information." (Doc. 160 at 20). Employees provide support that proof of intent does not require proof of hostile intent or maliciousness. *See Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 n. 25, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979) (considering discriminatory intent); *Prosser on Torts* (4th ed.) § 8 (discussing intent in tort law).

■ This Court agrees that proof of an intentional failure does not require proof of hostile or malicious intent. While intentional failure is not readily defined, the phrase is used in defining other terms. *E.g. Smith v. Wade*, 461 U.S. 30, 39 n. 8, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983) (willful neglect); *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872–73 (10th Cir. 1987) (willful failure); *Brantner v. Poole*, 487 F.2d 1326, 1328 (10th Cir.1973) (willful misconduct); *NMP Corp. v. Parametric Tech. Corp.*, 958 F.Supp. 1536, 1546 (N.D.Okla.1997) (gross negligence).

In defining "willful failure," the Tenth Circuit has on numerous occasions explained, "intentional failure [is] distinguished from involuntary noncompliance. No wrongful intent need be shown." *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872–73 (10th Cir.1987) (*quoting In re Standard Metals Corp.*, 817 F.2d 625, 628–29 (10th Cir.1987)). This Court finds the Tenth Circuit definition to be in accordance with the plain meaning of the term. *See United States v. Floyd*, 81 F.3d 1517, 1523 (10th Cir.1996) (applying ordinary meaning found in dictionary when Congress does not statutorily define a term). *Black's Law Dictionary* defines "intentional" as being "done with the aim of carrying out the act." (9th ed.2009). Therefore, the meaning of intentional does not require maliciousness.

■ Solvay argues the record shows no evidence that it intentionally failed to include the required information in its deficient § 204(h) notice. In fact, Solvay points to the affidavit of Scott Allen, stating that Solvay did not intentionally fail to disclose any information that was required by ERISA. Employees counter by arguing direct evidence of intent is not required.[2]

---

**2.** Employees also argue Allen should be cross-   examined on the issue and his self-serving

This Court agrees with Employees; in civil and criminal cases alike, intent can be (and most often is) proved by circumstantial, rather than direct, evidence. *See United States v. King,* 632 F.3d 646, 646 (10th Cir.2011) ("The intent to possess the weapon to further the drug trafficking crime is generally proven through circumstantial evidence.") (*quoting United States v. Rogers,* 556 F.3d 1130, 1140 (10th Cir. 2009)); *United States v. Cardinas Garcia,* 596 F.3d 788, 798 (10th Cir.2010) ("More often than not, intent is proved by circumstantial evidence."); *Hinds v. Sprint/United Mgmt. Co.,* 523 F.3d 1187, 1197 (10th Cir.2008) ("Though [a plaintiff] lacks *direct* evidence of discriminatory intent, he still may carry his statutory burden by presenting *circumstantial* evidence ...."); *United States v. Johnson,* 971 F.2d 562, 566 (10th Cir.1992) ("Direct evidence of a defendant's intent is seldom available. Intent can be proven, however, from surrounding circumstances."); *SEC v. Curshen,* 372 Fed.Appx. 872, 883 (10th Cir.2010) ("[The defendant's] failure to disclose his self-interest is strong circumstantial evidence of intentional conduct.").

■ Moreover, this Court finds the circumstantial evidence in the record is substantial enough to create a genuine issue of material fact as to whether Solvay intentionally failed to disclose the required information. Specifically, Employees point to several pieces of evidence tending to show that Solvay knew the specific statutory requirements, by way of a PowerPoint briefing, a detailed memorandum, and a copy of the regulations. This knowledge coupled with Solvay's failure to follow the requirements creates a genuine issue concerning Solvay's intent. Therefore, summary judgment is not proper and will be denied.

*Failure to Promptly Notice After Discovery*

■ Subsection (i) includes in its definition of an intentional failure "any failure to promptly provide the required notice or information after the plan administrator discovers an unintentional failure to meet the requirements of this subsection." § 1054(h)(6)(B)(i). Solvay argues it did not discover its unintentional failure until the Tenth Circuit entered its opinion in this case, well after discovery had been closed and the facts of this case had been established. Solvay argues the record shows an absence of any facts indicating it discovered the failure. Employees counter by arguing a genuine issue of material fact exists as Solvay was met with a barrage of questions from its employees concerning early retirement benefits, indicating Solvay discovered its failure.

While discovery is not defined in § 204(h) or in case law, this Court finds instructive the wealth of case law concerning discovery under ERISA § 413, in which numerous courts have held discovery includes both actual and constructive knowledge. *See, e.g., Brown v. Owens Corning Inv. Review Comm.,* 622 F.3d 564, 573 (6th Cir.2010); *Schaefer v. Ark. Med. Soc'y,* 853 F.2d 1487, 1491–92 (8th Cir. 1988); *Larson v. Northrop Corp.,* 21 F.3d 1164, 1172 (D.C.Cir.1994).

affidavit should not control over the circumstantial evidence on summary judgment. This Court recognizes the merit of that argument, as the Tenth Circuit has explained, "Where defendants' motives are seriously at issue, trial by affidavit is particularly inappropriate." *Smith v. Maschner,* 899 F.2d 940,

949 (10th Cir.1990); *see Bancoklahoma Mortg. Corp. v. Capital Title Co.,* 194 F.3d 1089, 1101 (10th Cir.1999) ("While an affidavit is certainly an appropriate vehicle to establish a fact for summary judgment purposes, the affidavit must set forth facts, not conclusory statements.").

In the single case on point, *Brady v. Dow Chemical Co.*, the Fourth Circuit held employees' emails indicating confusion over a certain issue was sufficient to find that administrators had discovered a § 204(h) failure. 311 Fed.Appx. 626, 632–33 (4th Cir.2009). In *Brady*, the Fourth Circuit granted summary judgment for the plaintiff, as emails clearly indicated multiple employees were confused over the specific deficiency of the notice. Moreover, in that case emails also showed the plaintiff discussed with administrators specifically how the § 204(h) notice was misleading concerning the same failure the court held violated ERISA.

This case is distinguishable from *Brady*, as Employees point to no emails that specifically discuss the deficiency of the § 204(h) notice with respect to early retirement benefit calculations. However, Employees are not seeking summary judgment; Solvay is. The record does indicate that multiple employees requested side-by-side comparisons of their early retirement benefit calculations. While Solvay is correct that ERISA does not require providing participants with those comparisons, those emails do at least create a genuine issue of material fact as to whether the administrators discovered employees were having trouble making the calculations themselves.

Moreover, this Court notes that Exhibit 38 to Employees' response indicates one employee's attorney notified Solvay that certain information was "not provided in the intended 204(h) notice with respect to the Plan's amendment" as early as November 22, 2004. (Doc. 160–41 at 2). Again, a genuine issue of material fact exists as to whether the plan administrators discovered the failure concerning the § 204(h) notice. Therefore, summary judgment is improper and will be denied.

## Conclusion

Therefore, the Court GRANTS IN PART and DENIES IN PART *Defendants' Motion for Summary Judgment on Remand* (Doc. 153).

Specifically, the Court finds no genuine issue of material fact that Solvay provided most of the participants most of the required information. Summary judgment as to that issue is GRANTED in Solvay's favor.

However, the Court finds a genuine issue of material fact exists as to whether Solvay's failure was intentional and if unintentional, whether Solvay failed to promptly notice after discovering the failure. Therefore, summary judgment as to those issues is DENIED.